JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
4/22/09**

In re

ANDREA RENEE BOOR, aka Andrea Renee Morris,

        Debtor(s)

Case No. A09-00153-HAR
In Chapter 7

MEMORANDUM EXPLAINING WHY NO HEARING SET ON THOMAS BOOR'S OBJECTION TO CHRYSLER FINANCIAL SERVICES' MOTION FOR RELIEF FROM STAY

      Thomas Boor, debtor's ex-husband, filed an objection [Docket No. 18] to Chrysler Financial Services Americas' motion for relief from stay concerning a 2003 Dodge Ram [Docket No. 15].  About $2,900 is owed on an original balance of over $42,000, although Chrysler Financial says the wholesale value is only $9,350.  Boor says that he wants to get debtor off the title so that he can renegotiate the loan when his credit improves and he gets work.

      Debtor has indicated in her *Chapter 7 Individual Debtor's Statement of Intention* [Docket No. 1] that she has surrendered the 2003 Dodge Ram, which was awarded to Thomas Boor in their divorce – she states that they are jointly liable to Chrysler Financial.

      If this were a chapter 13 case, 11 USC § 1301 might provide for a codebtor stay to protect Thomas Boor.  Debtor's chapter 7 bankruptcy, however, offers no such benefit to Thomas Boor in the way of an automatic stay protecting his interests.

      Holding a preliminary hearing in light of this is not called for.  Mr. Boor's objection provided no phone number where the court staff might have called to advise him of the court's intention not to set a preliminary relief from stay hearing.  So, rather than have the creditor

expend a couple hundred dollars more to defend a fruitless objection, I will let Chrysler Financial have its relief from stay after the time for a hearing on a legitimate objection expires.

There is nothing preventing Thomas Boor from contacting Chrysler Financial's attorney, John Siemers, to see if he can work out an extension. Unfortunately for Boor, his ex-wife's chapter 7 bankruptcy offers him no protection under the bankruptcy law.

DATED: April 22, 2009

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Thomas Boor, PO Box 142105, Anchorage, AK 99514-2105
John Siemers, Esq., for Chrysler Financial Services Americas, LLC
Chris Johansen, Esq., for Debtor
Larry Compton, Trustee

04/22/09                                                                                                    D7118

MEMORANDUM EXPLAINING WHY NO HEARING
SET ON THOMAS BOOR'S OBJECTION TO CHRYSLER
FINANCIAL SERVICES' MOTION FOR RELIEF FROM STAY                                            Page 2 of 2